**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

NICOLE MADDEN                                   :
809 Cherry Street                               :
Landsdale, PA 19446                             :
                                                :          CIVIL ACTION
        Plaintiff,                              :
                                                :          No.:
        v.                                      :
                                                :
SKYLINE EMISSIONS, INC.                         :
d/b/a Skyline                                   :          **JURY TRIAL DEMANDED**
200 Progress Drive                              :
Montgomeryville, PA 18936                       :
        and                                     :
ENVIRONMENTAL SOLUTIONS                         :
WORLDWIDE, INC.                                 :
d/b/a ESW Group                                 :
200 Progress Drive                              :
Montgomeryville, PA 18936                       :
                                                :
        Defendants.                             :
_____               :

**CIVIL ACTION COMPLAINT**

Nicole Madden (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and

through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      This action has been initiated by Plaintiff against Skyline Emissions, Inc. d/b/a

Skyline (hereinafter referred to as "Defendant Skyline") and Environmental Solutions Worldwide,

Inc. (hereinafter referred to as " Defendant ESW") (hereinafter collectively referred to as

"Defendants," unless indicated otherwise) for violations of Title VII of the Civil Rights Act of

1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*), the Americans with Disabilities Act, as amended

("ADA" - 42 USC §§ 12101, *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA").

Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and retaliation

1

from Defendants, culminating in her ultimate termination.  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

6.      Plaintiff has properly exhausted her administrative remedies regarding her PHRA claims by dual-filing her Charge of Discrimination with the Pennsylvania Human Relations

Commission ("PHRC") and by waiting at least one year since the filing before asserting her PHRA claims.

## PARTIES

7.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.      Plaintiff is an adult individual with an address as set forth in the caption.

9.      Defendant Skyline is a manufacturing company that designs and produces diesel emissions control components for heavy-duty vehicles. The company is headquartered in Montgomeryville, Pennsylvania, and distributes its products across North America.

10.      Defendant ESW is a manufacturing and technology company that designs, develops, and produces diesel emissions control systems and related components used in heavy-duty and medium-duty diesel vehicles. The company is headquartered in Montgomeryville, Pennsylvania.

11.      Add joint employer language here.

12.      At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.      Plaintiff was hired by Defendants in or about March 2024, as a Shipping and Receiving Clerk.

3

15. Plaintiff stayed in the role of Shipping and Receiving Clerk, working with clamps, gaskets and honeycombs and assisting Defendants with their organization to be shipped out until her unlawful termination, on or about January 21, 2025 (discussed further *infra*).

16. During Plaintiff's employment with Defendant, she was a hard-working employee and performed her job responsibilities in a dutiful and highly competent manner.

17. At all times relevant herein, Plaintiff was supervised by Defendants' Shipping and Logistics Coordinator, Josue Meza (hereinafter "Meza,"), direct supervisor, Tim Connors (hereinafter "Connors") and Vice President of Operations, Michael Sally (hereinafter "Sally").

18. Upon information and belief, Plaintiff was the only female shipping clerk during her employment with Defendant and the only female in the shipping and receiving department.

19. At the time of her employment with Defendant, Plaintiff had been diagnosed with the following ADA-qualifying disabilities: Anxiety, Depression, Post-Traumatic-Stress-Disorder ("PTSD"), and Borderline Personality Disorder ("BPD"), along with related conditions and complications.

20. As a result of these serious health conditions, Plaintiff experienced symptoms and limitations including hopelessness, anxiety, sleeplessness, panic, difficulty learning, thinking, communicating, interacting with others, speaking, focusing, concentrating, and caring for herself, as well as irritable bowels and physical pain.

21. At all times relevant herein, Defendants' management and Human Resources ("HR") Manager, Leslie Robinson (hereinafter "Robinson"), were aware that Plaintiff suffered from several health conditions, as she was at all times very open and honest about her conditions.

22. Despite her aforementioned health conditions and limitations, Plaintiff remained fully capable of performing the essential functions of her job; however, she (at times) required some reasonable medical accommodations.

23. For example, but not intending to be exhaustive, Plaintiff requested accommodations in the form of time off from work to attend doctors' appointments and care for her disabilities, as well as the ability to take short mental health walks when needed at work.

24. In response to the aforementioned accommodation requests, Plaintiff was met with retaliation and hostility including being told by management: "you've (referring to Plaintiff) been off a lot" and "you're using the bathroom a lot" (as Plaintiff would occasionally take brief walks to the bathroom when experiencing a flare-up of her disabilities).

25. In addition to the aforementioned discriminatory harassment, Plaintiff was also frequently subjected to a hostile work environment and discriminated against by Shipping and Receiving Clerk, James Thompson (hereinafter "Thompson").

26. For example, but in no way intended to be exhaustive, Thompson frequently antagonized Plaintiff and made discriminatory comments about her disabilities and accommodations requests, including but not limited to calling Plaintiff "crazy" (as Thompson knew about Plaintiff's mental health disabilities), stating "you go to the bathroom too much," or "you're acting like an idiot," and "don't worry, I don't hit women, I have daughters," (insinuating that Thompson would have his daughters physically attack Plaintiff instead of doing it himself).

27. As the aforementioned treatment was evidently culminating, Plaintiff reported Thompson's discriminatory behavior to Connors in or about July of 2024.

28. However, instead of conducting any meaningful investigation into Plaintiff's aforesaid report, Connors dismissed Plaintiff and told her: "You have to deal with this."

29.     Due to Defendants' failure to conduct any meaningful investigation into Plaintiff's complaints of discrimination, Thompson's behavior only worsened – climaxing in or about December 2024 when Thompson physically shoved Plaintiff.

30.     In response to the aforementioned physical assault, Plaintiff again reported Thompson's hostile treatment towards her to Connors and insisted an investigation be held.

31.     Again, instead of conducting any investigation, and in retaliation for Plaintiff's continued accommodation requests, Connors told Plaintiff that the shoving incident was "[Plaintiff's] fault."

32.     Connors' response was not surprising, as Connors consistently sided with Thompson and ignored Plaintiff's aforementioned concerns about being harassed by Thompson – which only further exacerbated Plaintiff's disabilities.

33.     It became evident that Connors was ignoring Plaintiff's concerns and consistently siding with Plaintiff's male counterparts, including Thompson, because of her status as a female and/or because Connors was not pleased with accommodating Plaintiff's disabilities.

34.     The aforementioned treatment continued, including when Thompson explicitly stated "fuck you" to Plaintiff during a separate incident on or about January 14, 2025.

35.     Due to Connors' failure to address the aforesaid concerns about the discriminatory and hostile work environment that Plaintiff was being subjected to, Plaintiff escalated the aforesaid matter to Robinson.

36.     Specifically, during the aforementioned conversation with Robinson, Plaintiff complaint about Thompson's discriminatory and hostile behavior and also reported that Connors had failed to properly address or remedy the situation.

37.    Plaintiff further informed Robinson that Plaintiff believed she was being targeted and retaliated against because of her disabilities.

38.    Despite her aforesaid complaints of discrimination and retaliation, Robinson failed to take any meaningful action to address Plaintiff's concerns.

39.    Thereafter, on or about January 21, 2025, **only seven (7) days after** Plaintiff's most recent complaints of discrimination and mistreatment, Plaintiff's employment was terminated pretextually.

40.    When Plaintiff was informed of her termination by Robinson and Connors, Plaintiff again complained that she believed she was being discriminated against because of her gender and/or her disabilities/requests for accommodations.

41.    In response, Sally stated to Plaintiff "when it comes down to it, one of you needs to be fired," and Defendant selectively chose Plaintiff for termination based on discriminatory and retaliatory reasons.

42.    Upon information and belief, Thompson remained employed with Defendants following Plaintiff's termination, despite engaging in discriminatory and harassing conduct toward Plaintiff.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Hostile Work Environment;**
**& [3] Retaliation)**
**-Against Both Defendants-**

43.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.    At all times relevant, Plaintiff suffered from qualifying health conditions under the ADA, which affected her ability (at times) to perform some daily life activities (discussed *supra*)

45.    Plaintiff kept Defendants' management informed of her serious medical conditions and need for medical treatment and other accommodations.

46.    Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants; however, Plaintiff did require some reasonable medical accommodations at times.

47.    Plaintiff requested reasonable accommodations from Defendants including but not limited to the ability to take intermittent leave or brief breaks from work during flare-ups of her medical conditions.

48.    Plaintiff was subjected to discrimination and a hostile work environment through disparate treatment, discriminatory comments, and demeaning and/or derogatory treatment because of her aforesaid health conditions and requested accommodations.

49.    Plaintiff complained to Defendants' management about the discriminatory and hostile treatment and reported that she believed she was being targeted because of her disabilities/requested accommodations.

50.    Defendants failed to properly investigate or remedy Plaintiff's complaints of discrimination and harassment.

51.    Instead, Defendants subjected Plaintiff to disciplinary actions and ultimately terminated her employment on or about January 21, 2025, shortly after Plaintiff's last complaint about discrimination and requested assistance (pre-termination).

52.    Plaintiff also believes and therefore avers that her [1] known; [2] perceived; and/or [3] record of disabilities were a motivating and/or determinative factor in the termination of her employment by Defendants.

53.     Plaintiff also believes and avers that she was terminated in retaliation for engaging in protected activity under the ADA, including requesting reasonable medical accommodations and complaining of disability discrimination/retaliation.

**COUNT II**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Hostile Work Environment;**
**& [3] Retaliation)**
**-Against Both Defendants-**

54.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I of the instant Civil Action Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**COUNT II**
**Violations of Title VII of the Civil Rights Act of 1964**
**([1] Gender Discrimination [2] Retaliation)**
**-Against Both Defendants-**

56.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57.     At all relevant times, Plaintiff was a member of a protected class based on her gender.

58.     During her tenure with Defendants, Plaintiff was subjected to discriminatory and disparate treatment as compared to her male counterparts (discussed *supra*).

59.     Plaintiff engaged in protected activity by complaining to Defendants that she was being treated less favorably than her male counterparts and was subjected to discrimination based on her gender.

60.     Shortly thereafter, Defendants subjected Plaintiff to retaliation in the form of adverse actions, including increased scrutiny, discipline, and ultimately termination.

61.     Plaintiff believes and therefore avers that her gender was a motivating and/or determinative factor in Defendants' decision to terminate her employment, in violation of Title VII.

62.     Plaintiff also believes that she was terminated in retaliation for engaging in protected activity under Title VII.

**COUNT IV**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Gender Discrimination [2] Retaliation)**
**-Against Both Defendants-**

63.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT III of the instant Civil Action Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, reinstatement, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful,

10

deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: April 15, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Nicole Madden | : | CIVIL ACTION |
| v. | : | |
| Skyline Emissions, Inc. d/b/a Skyline, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| 4/15/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MADDEN, NICOLE

**DEFENDANTS**

SKYLINE EMISSIONS, INC. D/B/A SKYLINE, ET AL.

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent – Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☒ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); Title VII (42USC2000)

Brief description of cause:
Violations of the ADA, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    4/15/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____